33 C.C.P.A.(Patents)

## In re PHILLIPS.
### Patent Appeals No. 5184.

Court of Customs and Patent Appeals.

June 11, 1946.

Earl & Chappell, of Kalamazoo, Mich. (Otis A. Earl, of Kalamazoo, Mich., and Munson H. Lane, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

This appeal from the decision of the Board of Appeals of the United States Patent Office involves an alleged improvement relating to piston rings. Appellant's device is described by the examiner as follows: "The application discloses a three part piston ring comprising two thin cylinder contacting rings and an expander element. Each cylinder contacting ring has an axial extending shoulder formed by an offset circumferentially of the ring. The expander element is the well known polygonal ribbon steel type which reacts from the bottom of the groove. When assembled, the cylinder contacting rings are positioned in the groove with offset portions facing each other. The expander is placed between the groove bottom and shoulders or offset portions. In this position, the expander serves a double purpose. It expands the ring elements by reaction between the groove bottom and the ring shoulders and axially spaces and maintains the ring elements by extending between them to the shoulder. The expander element has the usual cutaway portions in the edge to improve the oil flow."

The appealed claims, 1, 2, and 3 (and they all stand or fall together), were rejected by the Primary Examiner upon the following references: Malpas 2,229,578 Jan. 21, 1941; Phillips 2,113,857 Apr. 12, 1938; Teetor 2,236,721 Apr. 1, 1941; and his decision was affirmed by the board for the same reasons as those expressed by the examiner.

Claim 1 is illustrative and follows: "1. A piston ring assembly comprising a pair of axially spaced, thin split annular cylinder wall engaging members formed of ribbon-like ductile material, said members being disposed in parallel relation and having the outer portions thereof parallel and axially offset sharply toward one another to define abrupt annular shoulders providing opposite inwardly facing cylindrical axially extending spring abutments located substantially midway between the outer and inner peripheries of the members, an annular split expanding spring crimped at spaced intervals along the length thereof and of ductile metal disposed between said members with the crimps of the spring in axial spacing engagement therewith and in radial expanding engagement with the said annular abutments, said spring having connecting reaches of substantial length connecting said crimps, said reaches having intermediate portions for engaging the bottom of a piston ring groove, said intermediate portions supportingly engageable under substantial compression with the bottom of the piston groove in which the assembly is installed, said crimps of said expanding spring being without axial curvature, whereby said spring exerts a radial expanding action only on said abutments derived from the compression thereof against the groove bottom in installing the assembly."

The Malpas patent, the one chiefly relied upon, in the disclosure of one of the embodiments of the invention, shows a piston ring assembly comprising upper and lower ring elements each comprising flat portions joined by an offset shoulder, and an intermediate spring member, bearing against the shoulders and serving to expand the ring elements radially. The spring member, as disclosed, apparently does not bear against the bottom of the piston groove.

The Phillips patent, the inventor of which is appellant herein, shows an expansion ring substantially identical with that of the present application. The spring bears against the bottom of a piston groove and acts to expand a split ring radially. This ring, however, is not of the form described by the instant claims.

The patent to Teetor, although discussed briefly by both tribunals below, was cited for the reason that it shows a polygonal expander of substantially the same type as appellant's, which serves the same pur-

pose served by appellant's expander element.

The board, in approving the holding of the examiner, had the following to say in part:

"Nothing is said in Malpas about the expanders wedging the rings apart or that * * * the inner reaches do not bear against the bottom of the ring groove.

"Teetor states that his spacer-expander does not exert any axial pressure against the sides of the rings and has reaches * * * which seat against the bottom of the ring groove.

"In our opinion it would be obvious to any skilled mechanic to sharpen the internal shoulders of the Malpas rings * * * to eliminate a wedging action if it developed that there was such a wedging action and to seat the expander against the bottom of the ring groove, if desired, as Teetor does.

"Further, we agree with the examiner that no invention would be involved in using the expander of Teetor with the shouldered rings of Malpas."

The Solicitor for the Patent Office, in this court, urges that claim 1 reads, for the most part, upon the Malpas patent and that the pertinent disclosure in it relates to one of the modifications of the patent.

In applying the claim to the Malpas patent, the Solicitor points out the various limitations of the claim and where it is met by the Malpas patent, and finally, when he comes to the limitation relating to the spring portions "for engaging the bottom of a piston ring groove," he states that it only defines a function but that even if this is not the statement of a function this limitation would be insufficient to render the claims patentable in view of the references cited.

The Solicitor also points out that the limitation, "said crimps of said expanding spring being without axial curvature," is also functional and defines no structure, but submits that if it does define structure the crimps in Malpas are "without axial curvature."

These two limitations above discussed are the most important questions pressed by appellant and we have studied carefully the arguments of appellant's counsel and the references of record, and we conclude that appellant's structure as defined by the claims presents nothing inventive over the references cited by the examiner.

Other minor questions have been raised by appellant but they are not of sufficient importance to require discussion here because even if it were conceded that there were certain differences between appellant's structure and those of the references, it is our view, as it was that of the Patent Office, that it would not amount to invention over the prior art.

For the reasons stated by the board we conclude that its decision should be, and it is, affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.